IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-444-BO

| | |
|---|---|
| JEFF ALAN DOOLEY and LISA MARIE DOOLEY )<br>)<br>Appellants, )<br>)<br>v. )<br>)<br>SELF HELP VENTURES FUND, )<br>)<br>Appellee. ) | O R D E R |

This matter is before the Court on an appeal by Jeff Alan Dooley and Lisa Marie Dooley of an order by the United States Bankruptcy Court for the Eastern District of North Carolina. For the following reasons, the judgment of the Bankruptcy Court is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

INTRODUCTION

Jeff Alan Dooley and Lisa Marie Dooley (hereinafter the "Debtors") own a parcel of real property located at 10545 Clubmont Lane in the Brier Creek subdivision in Raleigh, North Carolina (hereinafter the "Property"). Wachovia Mortgage holds the first mortgage on the Property with a balance on the filing date of $411,621.82. Wachovia Mortgage also holds the second mortgage on the Property with a balance on the filing date of $148,553.31. Self Help Ventures (hereinafter "Self Help" or "Appellee") holds the third mortgage on the Property with a balance on the filing date of $38,394.80. Subsequent to the filing date, Self Help liquidated other collateral and the balance was reduced to $13,871.07. The property has 3,276 square feet. Thus,

if the property is valued at less that $ 560,175.00 [$ 170.99 per square foot], then the Self Help mortgage is completely unsecured. If the property is valued at more than $ 574,046.20 [$ 175.23 per square foot], then the Self Help mortgage is fully secured.[1]

The Debtors filed a Chapter 13 bankruptcy petition on March 26, 2009. The Debtors filed a Motion to Value Collateral to determine how much, if any, of Self Help's mortgage was secured. Self Help objected to the Motion and a hearing was held before the Bankruptcy Court on August 18, 2009. The Bankruptcy Court issued an order finding the value of the property was $ 575,000.00 [$ 176.16 per square foot]. The Debtors appealed the Bankruptcy Court's ruling on October 9, 2009. A hearing was held in Raleigh, North Carolina, on January 19, 2010. The appeal is now ripe for ruling.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158. A Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous. *In re Bryson Properties, XVIII*, 961 F.2d 496, 499 (4th Cir.1992). Conclusions of law are reviewed de novo. *In re Apex Express Corp.*, 190 F.3d 624, 630 (4th Cir.1999); *Continental Casualty Co. v. York*, 205 B.R. 759, 762 (E.D.N.C.1997).

## DISCUSSION

The Bankruptcy Court erred in valuing the Property at $ 575,000. The evidence presented to the Bankruptcy Court consisted primarily of opposing appraisal reports, a review of current listings in the same subdivision as the Property, and the testimony of appraisers. The

---

[1] 11 U.S.C. § 506 permits a debtor to bifurcate a secured debt based on the value of collateral. Because Self Help's mortgage was secured by multiple sources of collateral, there was no restriction on bifurcation pursuant to 11 U.S.C. § 1322(b)(2).

methodology used by both expert appraisers in their reports is the "sales comparison approach" whereby the Property was compared with actual sales of similar parcels of real property.

The Self Help appraisal report reviewed six comparable sales. Comparable sales 1 and 2 in the report were dated June 27, 2008. Comparable 1 had a price per square foot of $ 167.46 and Comparable 2 had a price per square foot of $ 197.23. But the Self Help report indicates that a review of sales in the Brier Creek subdivision declined by an average of 10-12% in the year prior to the report. And Self Help's appraiser, stated on cross-examination that comparable sales 1 and 2 were at the upper range of sales prior to the subsequently noted decline in average price. Comparable sales 3, 4, and 5 were all more recent sales and ranged in price from $504,000 to $525,000.00 with prices per square foot ranging from $132.52 to $143.30. The sale price for comparable sale 6 was $640,000.00. But comparable 6 was over 1000 square feet larger than the Property and sold at a price per square foot of $146.19.

The Debtor's appraisal report contained three comparable sales from December of 2008 through May of 2009. The sale prices ranged from $525,000.00 to $545,000.00 with prices per square foot from $141.89 to $160.55.

Thus, the most timely and comparable sales data supports the conclusion that the Property would command a price at the time of filing less than the $ 560,175 required to provide Self Help with any secured claim. This Court is mindful of both experts' testimony that the measure of price per square foot is a blunt instrument useful for establishing a price range for a property but not a definite price. Each parcel of real property has unique features that will influence its value. But the evidence in the record regarding these features is insufficient to support the Bankruptcy Court's value determination.

The Bankruptcy Court's order indicates that part of the basis for its valuation was the excellent condition of the Property. But nothing in the record indicates that Property was in better condition than any of the comparable sales. The comparable properties were in the same neighborhood as the Property, similar in age to the Property, and constructed by the same national home builder as the Property. The Self Help appraisal report describes the Property as "in good condition, well maintained, typical of the subdivision. No physical or functional inadequacies or superadequacies noted." And Self Help's appraiser testified that "the quality of construction is fairly consistent." The Bankruptcy Court also indicated that the value of the Property was determined in part on the basis of the Property's favorable location within the subdivision. But all of the comparable properties in the parties' appraisal reports were similarly situated.

In sum, having reviewed the totality of the evidence in the record, this Court finds that the Bankruptcy Court's valuation of the Property was clearly erroneous. Because the Debtors' appraisal was based on more recent sales of comparable properties and is consistent with the most recent sales in Self Help's appraisal report, this Court concludes that the Property is properly valued at $ 536,000.00 as indicated by the Debtors' appraiser.[2]

## CONCLUSION

For the reasons stated above, the judgment of the Bankruptcy Court is hereby REVERSED. The Property shall be valued at $ 536,000.00. As a result, Self Help's third mortgage on the Property shall be considered an unsecured debt. This matter is REMANDED to

---

[2] It should be noted that the Debtors' Chapter 13 plan provides for service of the first and second mortgages held by Wachovia.

-4-

the Bankruptcy Court for further proceedings consistent with this order.

SO ORDERED, this __21__ day of April, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE